**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2684-15T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MICHELLE ROSALES-SERRANO,

    Defendant-Appellant.

_____

Argued May 4, 2017 – Decided June 12, 2017

Before Judges Whipple and Mawla.

On appeal from Superior Court of New Jersey,
Law Division, Essex County, Indictment No. 15-
02-0424.

Eric M. Mark argued the cause for appellant
(Law Offices of Eric M. Mark, attorney; Mr.
Mark, on the brief).

Camila Garces, Special Deputy Attorney
General/Acting Assistant Prosecutor, argued
the cause for respondent (Carolyn A. Murray,
Acting Essex County Prosecutor, attorney; Ms.
Garces, on the brief).

PER CURIAM

    Defendant appeals from a judgment of conviction for third-

degree theft by deception after entering a guilty plea. Defendant

argues the prosecutor's rejection of defendant from admission into pretrial intervention (PTI) was an abuse of discretion because it lacked consideration of all the relevant factors. We disagree that the judge's denial of her PTI appeal was an error in judgment. We affirm.

We discern the following facts from the record. Defendant was employed as a secretary at a surgical medical practice. On December 3, 2013, the doctor who owned the practice reported to police that defendant had stolen funds from the practice by either depositing checks directly into her own account or electronically transferring funds from the doctor's account into her own. Police investigation showed defendant had also applied for credit in the doctor's name. Defendant and a co-defendant were arrested following the investigation. On February 25, 2015, defendant was indicted for third-degree offenses, including conspiracy, N.J.S.A. 2C:5-2; theft by deception, N.J.S.A. 2C:20-4(b); theft by unlawful taking, N.J.S.A. 2C:20-3(a); receiving stolen property, N.J.S.A. 2C:20-7(a); forgery, N.J.S.A. 2C:21-1(a)(3); and wrongful impersonation, N.J.S.A. 2C:21-17(a)(4).

Defendant applied for PTI, and on or about July 8, 2015, Essex County Probation recommended her for admission. However, the prosecutor objected by a letter, which evaluated the seventeen relevant criteria listed in N.J.S.A. 2C:43-12(e), finding

aggravating factors 1, 2, 4, 7, 8, 14, 16, and 17 applied. The prosecutor also considered defendant's background and potential for rehabilitation and found mitigating factors 3, 9, 10, 12, and 13 applied. The prosecutor concluded defendant had not established the value of supervisory treatment outweighed the need for prosecution because the aggravating factors outweighed the mitigating factors and militated against admission into PTI.

Defendant appealed the PTI determination, which was denied by the trial judge on August 24, 2015. On the record, the judge discussed the evidence against defendant, as well as defendant's arguments for PTI. The judge found the prosecutor properly weighed the relevant factors, particularly, the large sum of money stolen, the victim's desire for prosecution, the defendant's position as a trusted employee during the commission of the theft, and the two-month period over which the thefts occurred. The judge found "the prosecutor provided a synopsis of her reasoning and ultimate conclusions regarding each factor, and also provided supporting case law to bolster her conclusion as to each factor." The judge found defendant's conduct demonstrated a continuing pattern of anti-social behavior, and while expressing sympathy for defendant's circumstances, he stated, "I cannot conclude [the denial of PTI] was a clear error in judgment[.] I find that traditional prosecution is warranted in this case." The judge

concluded the prosecutor's denial of PTI was not an abuse of discretion.

Defendant pled guilty to one count of third-degree theft by deception and was sentenced to two and one half years of probation, restitution, and community service. This appeal followed.

On appeal, defendant argues the following:

I. THE STATE'S DECISION TO REJECT MS. ROSALES FROM PTI WAS A GROSS ABUSE OF DISCRETION BECAUSE IT FAILED TO CONSIDER ALL RELEVANT FACTORS, IMPROPERLY WEIGHED FACTORS, AND AMOUNTS TO A CLEAR ERROR IN JUDGMENT.

II. THE JUDGE'S AFFIRMATION OF THE STATE'S PTI DENIAL WAS A PRO FORMA RUBBER STAMP THAT FAILED TO PROPERLY CONSIDER THE REASONS FOR THE DENIAL, INCLUDING WHETHER THE PROSECUTOR'S FINDINGS AMOUNTED TO A CLEAR ERROR IN JUDGMENT.

Admission into the PTI program is based on a favorable recommendation from the PTI director and the consent of the prosecutor. State v. Nwobu, 139 N.J. 236, 246 (1995); State v. Roseman, 221 N.J. 611, 621-22 (2015). In determining whether to recommend or consent to admission, the PTI director and the prosecutor must consider seventeen factors listed in N.J.S.A. 2C:43-12(e). See also R. 3:28. The statutory list is not exhaustive, and additional relevant factors may also be considered. State v. Negran, 178 N.J. 73, 84 (2003).

The scope of judicial review of a prosecutor's determination is severely limited. Nwobu, supra, 139 N.J. at 246; State v. Hermann, 80 N.J. 122, 127-28 (1979). Prosecutors have wide latitude in deciding whom to divert into the PTI program and whom to prosecute. Nwobu, supra, 139 N.J. at 246. Courts grant "enhanced" or "extra deference" to the prosecutor's decision. Ibid.

"Judicial review serves only to check the most egregious examples of injustice and unfairness." Negran, supra, 178 N.J. at 82 (citation omitted). A reviewing court may order a defendant into PTI over a prosecutor's objection only if the defendant "clearly and convincingly establish[es] that the prosecutor's refusal to sanction admission into the program was based on a patent and gross abuse . . . of discretion." State v. Wallace, 146 N.J. 576, 582 (1996) (alteration in original) (quoting State v. Leonardis, 73 N.J. 360, 382 (1977)). See also State v. Benjamin, __ N.J. __, __ (2017) ("[A] defendant may obtain a hearing to review the prosecutor's decision only after he or she has demonstrated in a motion that the prosecutor abused his or her discretion.").

An abuse of discretion is "manifest if defendant shows that a prosecutorial veto (a) was not premised upon consideration of all relevant factors, (b) was based upon consideration of

irrelevant or inappropriate factors, or (c) amounted to a clear error in judgment." Id. at 583. "In order for such an abuse of discretion to rise to the level of 'patent and gross,' it must further be shown that the prosecutorial error complained of will clearly subvert the goals underlying [PTI]." State v. Bender, 80 N.J. 84, 93 (1979). Absent evidence to the contrary, a reviewing court must assume the prosecutor considered all relevant factors in reaching its decision. State v. Dalglish, 86 N.J. 503, 509 (1981) (citing Bender, supra, 80 N.J. at 94).

Applying these principals, we have reviewed defendant's arguments challenging the prosecutor's rejection of her admission into PTI. Despite defendant's contentions, we are satisfied the trial judge conducted proper review of the PTI denial and determined the prosecutor had provided sufficient reasons in support of the determination, relying upon all the required factors. The findings and accompanying reasoning more than satisfactorily supported the conclusion the prosecutor had acted within her discretion. We do not consider the determination so inconsistent with the rationale for PTI that fundamental fairness requires us to intervene. See Wallace, supra, 146 N.J. at 582-83. Defendant has not established a patent and gross abuse of discretion in her rejection.

As to defendant's remaining arguments, we find they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION